ROBERT L. BLAND, Judge.
The claim involved in this proceeding is submitted upon *41 an agreed statement of farts. On the fifteenth day of February, 1946, claimant Nellie 0. Short was driving- her Cadillac automobile, model 61, on national road designated as U. s. route 40, in the city of Wheeling, Ohio county, West Virginia, a highway under the jurisdiction and control of the state road commission of said state. About one-fifteen o’clock P. M. on the date stated claimant was driving her said automobile, using due care on her part, in an easterly direction on that part of said national road, or u. s. route 40, known as Reid’s Hill. At said time, and place the said road was icy and slippery and a truck of the said road commission was proceeding some distance ahead of claimant’s said automobile in an easterly direction on said road. As claimant was about to pass and in passing said truck of said state road commission of West Virginia, an employe of said commission threw a shovelful of shall' and cinders from said truck directly on claimant’s automobile, which said cinders scratched and otherwise damaged the windshield, hood, body and fender of the motor vehicle. As a result of such action on the part of said employe of the state road commission claimant was required to and did expend the sum of $43.90 for painting and repairs of her said automobile, said amount being actually necessary by reason of the damage done to said vehicle; said sum of $43.90 is made up of the following items:
One-half windshield and installation $15.90
Repair of scratches and painting 28.00
Total $43.90
The claimant, a citizen of the state, was entitled to use the highway on the occasion mentioned and was, as above stated, exercising due care in her driving and entitled to protection against the consequence of the state road commission employe’s action. According to the agreed statement of facts it is show’n that the road commission truck was at the time of the occurrence of the accident engaged in the spreading of cinders on the highway, and that the person who actually threw the cinders on claimant’s car *42 was an employe of the state. Under such circumstances it would appear, we think, that there is a clear moral obligation on the part of the state to make reparation for the damages which claimant suffered. We think, furthermore, that it is a claim which within the meaning of the purpose of the act creating the court of claims an appropriation by way of money compensation should be made to claimant.
An award is, therefore, made in favor of claimant Nellie 0. Short, for the said sum of forty-three dollars and ninety cents ($43.90).